**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JADA DAVIS-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00507-HEA |
| | ) | |
| COLE BREWER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Jada Davis-Bey for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff arising out of the same facts.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the application, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, she must submit a copy of her inmate account statement in support of her claim.

## Background

Plaintiff's action arises out of an underlying criminal case pending in the Circuit Court for the City of St. Louis, Missouri. *See State v. Jada Davis*, No. 2322-CR00082-01 (22nd Cir. Ct. filed Jan. 17, 2023). Plaintiff is charged with one count of felony discharge/shooting a firearm from a motor vehicle and one count of felony armed criminal action. Plaintiff's case is set for a status hearing on June 22, 2023 at 9:30 a.m. *Id.*

## The Complaint

Plaintiff is a pretrial detainee at the St. Louis City Justice Center in St. Louis, Missouri. She brings this civil rights complaint under 48 U.S.C. § 1983 alleging false arrest and false imprisonment against defendant St. Louis Police Officers Cole Brewer, William Brush, Chasity Hickman, Jeffrey Reed, Kristian Storm, and Bryan Tyus; and Federal Department of Homeland

Security Officers Unknown Lebert and Unknown Female DHS Officer. Plaintiff's claims arise out of her arrest in St. Louis City on January 13, 2023.

Plaintiff alleges that on the morning of January 13, 2023, she was parked in her Toyota Sienna minivan in front of the Social Security Administration building at 717 North Sixteenth Street in St. Louis, Missouri. Plaintiff states that she lives in her minivan. She alleges Officer Cole Brewer arrived at the scene and made the false statement that plaintiff had stated she would "shoot up the social security administration building." Plaintiff states that an investigation was started, which ended in shots being fired by police into her minivan. At some point officers from the Department of Homeland Security arrived. Plaintiff was placed on a 96-hour psychiatric hold for detention, evaluation, and treatment. She was charged with two felonies arising out of her discharge of a firearm from her vehicle.

Plaintiff alleges her constitutional rights were violated because Officer Brewer's probable cause affidavit contained false statements. Plaintiff states Officer Brewer also filed a false police report and an application for a warrant without probable cause.

As a result of this incident, plaintiff's minivan was ruined, her left arm was cut, and she now suffers from constant nightmares. For damages she seeks $1,000,000,000 in gold and silver, $1,500 per day for false imprisonment, $1,000,000 per day for being forced into the 96-hour psychiatric hospital, and finally $1,000,000 for the destruction of her minivan.

### Discussion

In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is

detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

In this case, plaintiff asserts claims for false arrest, false imprisonment, and unlawful prosecution. The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter currently pending against plaintiff has been resolved through criminal appeals and post-conviction processes.

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of her conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without paying fees and costs is **GRANTED**. [ECF No. 3]

-4-

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal proceedings against plaintiff in *State v. Jada Davis*, No. 2322-CR00082-01 (22nd Cir. Ct. filed Jan. 17, 2023).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against her in *State v. Jada Davis*, No. 2322-CR00082-01 (22nd Cir. Ct. filed Jan. 17, 2023).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal proceedings pending against plaintiff in *State v. Jada Davis*, No. 2322-CR00082-01 (22nd Cir. Ct. filed Jan. 17, 2023).

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement the amended complaint is **DENIED as moot**. [ECF No. 5]

Dated this 2nd day of June, 2023

                                              HENRY EDWARD AUTREY
                                              UNITED STATES DISTRICT JUDGE